UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| JESSE OTT<br>423 Felicity Cedron Road<br>Georgetown, OH 45121 | : <br> : <br> : <br> : | Case No. _____<br><br>(Judge _____) |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| EMBASSY SUITES RIVERCENTER<br>10 East Rivercenter Blvd.<br>Covington, KY 41011 | : <br> : <br> : <br> : | **COMPLAINT WITH JURY DEMAND** |
| and | : <br> : | |
| HILTON HOTELS CORPORATION<br>C/O CORPORATION SERVICE COMPANY<br>D/B/A CSC LAWYERS INCORPORATED<br>421 W Main Street<br>Franklfort, KY 40601 | : <br> : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

Plaintiff Jesse Ott, complaining of Defendants Embassy Suites and Hilton Hospitality, Inc., alleges as follows:

## PARTIES

1. Plaintiff Jesse Ott is a citizen and resident of the state of Ohio.

2. Defendant Embassy Suites is subsidiary of Hilton Hotels Corporation, and conducts business in Kenton County, Kentucky.

3. Defendant Hilton Hotels Corporation is a Kentucky corporation. Upon information and belief, Defendant operates and owns hotels under the Embassy Suites Hotel brand, and does business within Kenton County, Kentucky. Defendant is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

5. Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C. §1391(b) because, for purposes of venue, Defendant resides in the Eastern District of Kentucky.

6. Plaintiff filed a charge of discrimination with the EEOC and will amend this complaint to include federal claims of age and disability discrimination when such amendment is timely.

## FACTUAL ALLEGATIONS

7. Plaintiff is 59 years old.

8. Plaintiff was employed with Defendants for approximately 14 years before being wrongfully terminated on February 5, 2009.

9. Plaintiff was employed most recently with Defendants as a Maintenance Supervisor.

10. During the course of his tenure, Plaintiff performed his duties and responsibilities satisfactorily and Defendants never had occasion to issue Plaintiff disciplinary action.

11. During the course of his tenure, Plaintiff received regular merit-based pay increases.

12. During the course of his tenure, Plaintiff worked long hours and six-day weeks.

13. Prior to his termination, Plaintiff requested but was denied doctor recommended medical leave for a serious heart condition.

14. Defendants' decision to terminate Plaintiff was not performance based.

15. Defendants replaced Plaintiff with a substantially younger, non-disabled individual.

16. At all times relevant to this Complaint, Plaintiff was a loyal and dedicated employee.

17. At all times relevant to this Complaint, Plaintiff was fully qualified for the position he held with Defendants.

## COUNT I

### (Age Discrimination - K.R.S. Chapter 344)

18. Plaintiff incorporates by reference the foregoing paragraphs as if fully rewritten herein.

19. Plaintiff was over the age of 40 and qualified for his position.

20. Other younger individuals were treated more favorably by Defendants.

21. Defendants terminated Plaintiff's performance because of his age.

22. Defendants replaced Plaintiff with a substantially younger individual.

23. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered injury and damage for which he is entitled to compensation pursuant to K.R.S. 344.

## COUNT II

### (Disability - K.R.S. Chapter 344)

24. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

25. Plaintiff has a disability, a record of a disability, or Defendants perceived him as having a disability, under Kentucky law, and he was qualified for his position at all relevant times.

26. Defendants took the above-described adverse employment actions, including but not limited to, denying Plaintiff physician recommended leave for a heart condition, treating Plaintiff differently than other non-disabled employees, and terminating Plaintiff's employment on account of Plaintiff's disability or perceived disability.

27. Plaintiff was replaced by a non-disabled individual and Defendants' above-described actions allowed Defendants to retain non-disabled employees.

28. Defendants' actions violate K.R.S. 344. As a result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment under K.R.S. 344.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) That Defendants be enjoined from further unlawful conduct as described in this Complaint;

(b) That Plaintiff be reinstated to his employment;

(c) That Plaintiff be awarded lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded reasonable attorneys' fees; and

(g) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Randolph H. Freking
Randolph H. Freking (23509)
Trial Attorneys for Plaintiff
Freking & Betz
525 Vine Street, Sixth Fl.
Cincinnati, Ohio 45202
Phone: (513) 721-1975
Fax: (513) 651-2570
*randy@frekingandbetz.com*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of this matter.

/s/ Randolph H. Freking