UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| JESSE OTT<br>423 Felicity Cedron Road<br>Georgetown, OH 45121<br><br>        Plaintiff,<br><br>v.<br><br>EMBASSY SUITES RIVERCENTER<br>10 East Rivercenter Blvd.<br>Covington, KY 41011<br><br>and<br><br>HILTON HOTELS CORPORATION<br>c/o Corporation Service Company<br>d/b/a CSC Lawyers Incoporated<br>421 W Main Street<br>Franklfort, KY 40601<br><br>and<br><br>AIMBRIDGE HOSPITALITY, LP. LTD.<br>4100 Midway Road<br>Suite 2115<br>Carrollton, TX 75007<br><br>and<br><br>AIMBRIDGE EMPLOYEE SERVICE CORP.<br>4100 Midway Road<br>Suite 2115<br>Carrollton, TX 75007<br><br>        Defendants. | Case No. 2:09-CV-128<br><br>Judge Bunning<br><br>**SECOND AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

Plaintiff Jesse Ott, complaining of Defendants Embassy Suites Rivercenter and Hilton Hotels Corporation, alleges as follows:

### PARTIES

1. Plaintiff Jesse Ott is a citizen and resident of the state of Ohio.

2. Defendant Embassy Suites is subsidiary of Hilton Hotels Corporation, and


EXHIBIT A

conducts business in Kenton County, Kentucky.

3. Defendant Hilton Hotels Corporation is a Kentucky corporation. Upon information and belief, Defendant operates and owns hotels under the Embassy Suites Hotel brand, and does business within Kenton County, Kentucky. Defendant is an employer within the meaning of federal and state law.

4. Defendant Aimbridge Hospitality, L.P. LTD. is a Texas limited partnership, registered in Kentucky and doing business in this district. Upon information and belief, Aimbridge Hospitality, L.P. LTD. manages Defendant Embassy Suites' property. Defendant is an employer within the meaning of federal and state law.

5. Defendant Aimbridge Employee Service Corp. is a Florida corporation with its principal place of business in Texas. Upon information and belief, Aimbridge Employee Service Corp. provides employment services for Defendant Embassy Suites. Defendant is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1331 as it arises under the laws of the United States. Plaintiff's Count I arises under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

7. This Court has original jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

8. This Court has supplemental jurisdiction over the state law claims n Counts II and III pursuant to 29 U.S.C. §1367 on the grounds that Counts II and III are so related to the federal claim included in Count I, over which the Court has original jurisdiction, that they form part of the same case or controversy.

9. Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C. §1391(b) because, for purposes of venue, Defendant resides in the Eastern District of Kentucky.

10. Plaintiff filed a charge of discrimination with the EEOC; Plaintiff has allowed the

EEOC the time required by law to investigate that charge; Plaintiff's Complaint is timely filed with this Court.

## FACTUAL ALLEGATIONS

11. Plaintiff is 59 years old.

12. Plaintiff was employed with Defendants for approximately 14 years before being wrongfully terminated on February 5, 2009.

13. Plaintiff was employed most recently with Defendants as a Maintenance Supervisor.

14. During the course of his tenure, Plaintiff performed his duties and responsibilities satisfactorily and Defendants never had occasion to issue Plaintiff disciplinary action.

15. During the course of his tenure, Plaintiff received regular merit-based pay increases.

16. During the course of his tenure, Plaintiff worked long hours and six-day weeks.

17. Prior to his termination, Plaintiff requested but was denied doctor recommended medical leave for a heart condition.

18. Defendants' decision to terminate Plaintiff was not performance based.

19. Defendants replaced Plaintiff with a substantially younger, non-disabled individual.

20. At all times relevant to this Complaint, Plaintiff was a loyal and dedicated employee.

21. At all times relevant to this Complaint, Plaintiff was fully qualified for the position he held with Defendants.

## COUNT I

### (Age Discrimination - ADEA)

22. Plaintiff incorporates by reference the foregoing paragraphs as if fully rewritten herein.

23. Plaintiff was over the age of 40 and qualified for his position.

24. Other younger individuals were treated more favorably by Defendants.

25. Defendants terminated Plaintiff because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

26. Defendants' actions were intentional, willful, wanton and malicious in nature.

27. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered injury and damages and is entitled to judgment against Defendants under the ADEA for all damages from its unlawful discriminatory conduct in an amount to be proven at trial.

## COUNT II

### (Age Discrimination - K.R.S. Chapter 344)

28. Plaintiff incorporates by reference the foregoing paragraphs as if fully rewritten herein.

29. Plaintiff was over the age of 40 and qualified for his position.

30. Other younger individuals were treated more favorably by Defendants.

31. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered injury and damage for which he is entitled to compensation pursuant to K.R.S. 344.

## COUNT III

### (Disability - K.R.S. Chapter 344)

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Plaintiff has a disability, a record of a disability, or Defendants perceived him as having a disability, under Ohio law, and he was qualified for his position at all relevant times.

34. Defendants took the above-described adverse employment actions, including but not limited to, denying Plaintiff physician recommended leave for a heart condition, treating

Plaintiff differently than other non-disabled employees, and terminating Plaintiff's employment on account of Plaintiff's disability or perceived disability.

35. Plaintiff was replaced by a non-disabled individual and Defendants' above-described actions allowed Defendants to retain non-disabled employees.

36. Defendants' actions violate K.R.S. 344. As a result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment under K.R.S. 344.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) That Defendants be enjoined from further unlawful conduct as described in this Complaint;

(b) That Plaintiff be reinstated to his employment;

(c) That Plaintiff be awarded lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded reasonable attorneys' fees; and

(g) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Tod J. Thompson
Tod J. Thompson (admitted *pro hac vice*)
Randolph H. Freking (23509)
Trial Attorneys for Plaintiff
Freking & Betz, LLC
525 Vine Street, Sixth Floor
Cincinnati, Ohio 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*tthompson@frekingandbetz.com*
*randy@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury of this matter.

/s/ Tod J. Thompson